# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| MAURINE VEATER, DONNA SMITH, and GLENNA USHER, | MEMORANDUM DECISION AND ORDER |
| Plaintiffs, | |
| v. | Case No. 2:11-cv-487-PMW |
| BROOKLANE APARTMENTS, LLC; RONALD L. DAVIS; DAVIS BROTHERS REALTY; DAVIS BROTHERS CONSTRUCTION; and STAN J. DAVIS, | |
| Defendants. | Magistrate Judge Paul M. Warner |

All parties in this case have consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court are (1) Brooklane Apartments, LLC; Ronald L. Davis; Stan J. Davis; and Davis Brothers Construction's (collectively, "Defendants") motion to strike Maurine Veater, Donna Smith, and Glenna Usher's ("Ms. Usher") (collectively, "Plaintiffs") supplemental memorandum in opposition to Defendants' motion for partial summary judgment on all claims brought by Ms. Usher's Estate;[2] and Plaintiffs' motion for the court to consider the same supplemental

---

[1] *See* docket no. 12.

[2] *See* docket no. 96.

memorandum.[3] Also before the court is (2) Plaintiffs' request for a stay under rule 56(d) of the Federal Rules of Civil Procedure of Defendants' motion for partial summary judgment on all claims brought by Ms. Usher's Estate. The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

## RELEVANT BACKGROUND

On September 9, 2013, Defendants filed a motion for partial summary judgment on all claims brought by Ms. Usher's Estate ("Motion").[4] Plaintiffs filed their memorandum in opposition to the Motion on October 10, 2013.[5] In that memorandum, Plaintiffs requested a stay of the Motion, pursuant to rule 56(d), until the court ruled on Plaintiffs' previously filed motion for a court order for the release of certain medical records ("Medical Records").[6] On October 25, 2013, this court issued an order denying Plaintiffs' motion for a court order for the release the Medical Records.[7] Defendants then filed their reply memorandum on the Motion on November 1, 2013.[8]

---

[3] *See* docket no. 98.

[4] *See* docket no. 62.

[5] *See* docket no. 67.

[6] *See* docket no. 42.

[7] *See* docket no. 73.

[8] *See* docket no. 76.

On November 26, 2013, without leave of court, Plaintiffs filed a supplemental memorandum in opposition to the Motion.[9] In that memorandum, Plaintiffs indicated that they had previously requested a stay of the Motion under rule 56(d) because they needed the Medical Records to adequately oppose the Motion. Plaintiffs further indicated that, soon after the court denied their motion for an order to produce the Medical Records, they contacted the facility that possessed the Medical Records and learned for the first time that Ms. Usher's daughter could sign a consent form for the release of the portion of the Medical Records related to Ms. Usher. Ms. Usher's daughter signed the consent form and obtained the records. Soon after obtaining those records, Plaintiffs forwarded the records to Defendants. Plaintiffs also informed Defendants that they would be supplementing their response to the Motion. All of this presumably occurred during late-October or November 2013, well after the expiration of the August 1, 2013 fact discovery deadline in this case.[10] Along with their supplemental memorandum, Plaintiffs included the portion of the Medical Records obtained by Ms. Usher's daughter (collectively, "Memorandum and Medical Records").

## ANALYSIS

### I. Defendants' Motion to Strike and Plaintiffs' Motion to Consider

In these two motions, Defendants seek to have the Memorandum and Medical Records stricken, and Plaintiffs seek to have the court consider the Memorandum and Medical Records in ruling on the Motion. For the following reasons, the court concludes that the Memorandum and Medical Records should be stricken.

---

[9] *See* docket no. 85.

[10] *See* docket no. 38.

First, as noted by Defendants, Plaintiffs failed to obtain leave of court prior to filing the Memorandum and Medical Records. Civil rule 7-1(b)(2)(A) of the Rules of Practice for the United States District Court for the District of Utah allows for the filing of a memorandum in opposition to a motion for summary judgment and a reply memorandum in support of a motion for summary judgment. *See* DUCivR 7-1(b)(2)(A). The rule further provides that "[n]o additional memoranda will be considered without leave of court." *Id*. Plaintiffs argue that they complied with that rule by filing their motion for the court to consider the Memorandum and Medical Records, which was filed after they filed the Memorandum and Medical Records. The court is not persuaded by that argument. In the court's view, rule 7-1(b)(2)(A) contemplates obtaining leave of court prior to filing an additional or supplemental memorandum. *See, e.g.*, *Andersen v. Homecomings Fin., LLC*, No. 2:11-cv-332-TS, 2011 U.S. Dist. LEXIS 65897, at *17-18 (D. Utah June 20, 2011) (striking sur-reply memorandum when party failed to obtain leave of court prior to its filing).

Second, the court concludes that the Memorandum and Medical Records should be stricken because the late production of the Medical Records was neither substantially justified nor harmless. *See* Fed. R. Civ. P. 37(c)(1). In this case, Plaintiffs failed to provide any computation of damages in their initial disclosures with respect to Ms. Usher. Further, Defendants sent discovery requests to Plaintiffs specifically requesting information and supporting documentation about the nature and amount of their damages. Plaintiffs responded by indicating that their damages were incalculable emotional distress damages. Plaintiffs further responded by asserting that all of the documents supporting their claims were included in their initial disclosures. In addition, when Defendants inquired about whether the discovery responses

4

relating to Ms. Usher's claims were complete, Plaintiffs indicated that they did not have any additional documents or information to provide on behalf of Ms. Usher. Subsequently, after the expiration of the fact discovery deadline, Plaintiffs produced the Medical Records, which appear to support Ms. Usher's claims and alleged damages.

Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure provides that

> a party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii). In addition, rule 37(c)(1) provides:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

Pursuant to rule 37(c)(1), the court will not allow the late disclosure of the Medical Records because Plaintiffs' failure to provide them in a timely fashion was neither substantially justified nor harmless. *See id*.

With respect to whether Plaintiffs' late disclosure of the Medical Records was substantially justified, the court concludes that it was not. Plaintiffs acknowledge that they had always intended to prove Ms. Usher's allegations and damages by way of the Medical Records. However, Plaintiffs never indicated those intentions in either their initial disclosures or the responses to Defendants' discovery requests. Furthermore, Plaintiffs did not explore all avenues

5

for obtaining the Medical Records prior to the expiration of the discovery deadline. While it is true that Plaintiffs moved for a court order for release of the Medical Records, they had to consider the possibility that the court would not issue such an order. Instead of simply waiting for the court to issue that order, the court has determined that Plaintiffs were under a duty to explore an alternative option for obtaining the Medical Records, which was clearly available. Had they pursued that option, they could have obtained the Medical Records before the expiration of the discovery deadline and provided the Medical Records to Defendants in a timely fashion.

The court also concludes that Plaintiffs' late disclosure of the Medical Records is not harmless. Plaintiffs' untimely disclosure of the Medical Records has prejudiced Defendants. As previously noted, the fact discovery deadline has passed. As a result, Defendants are left without the opportunity to subpoena the Medical Records, depose Ms. Usher's medical providers referenced in the Medical Records, or obtain an expert to review the Medical Records. Consequently, Defendants cannot adequately rebut the arguments and information contained in the Memorandum and Medical Records.

For those reasons, the court concludes that the Memorandum and Medical Records should be stricken. The court will not consider the Memorandum and Records in ruling on the Motion. Accordingly, Defendants' motion to strike the Memorandum and Medical Records is granted, and Plaintiffs' motion for the court to consider the Memorandum and Medical Records is denied.

## II. Plaintiffs' Rule 56(d) Request

As a final matter, the court addresses Plaintiffs' request under rule 56(d) for a stay of the Motion pending production of the Medical Records. In light of the court's denial of Plaintiffs' motion for an order for the release of the Medical Records, as well as the court's decision to strike the Memorandum and Records, Plaintiffs' rule 56(d) request has been rendered moot.

## CONCLUSION AND ORDER

In summary, **IT IS HEREBY ORDERED**:

1. Defendants' motion to strike the Memorandum and Records[11] is **GRANTED**, and Plaintiffs' motion for the court to consider the Memorandum and Records[12] is **DENIED**. The court will not consider the Memorandum and Records in ruling on the Motion.

2. The Clerk of the Court is directed to strike the Memorandum and Records[13] from the docket in this case.

3. Plaintiffs' request for a stay of the Motion under rule 56(d) is **MOOT**.

**IT IS SO ORDERED**.

DATED this 14th day of February, 2014.

BY THE COURT:

_PAUL M. Warner_
PAUL M. WARNER
United States Magistrate Judge

---

[11] *See* docket no. 96.

[12] *See* docket no. 98.

[13] *See* docket no. 85.