# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| MAURINE VEATER; DONNA SMITH and NADINE RATUITA, as Personal Representative of the Estate of Glenna Usher,<br><br>Plaintiffs,<br><br>v.<br><br>BROOKLANE APARTMENTS, LLC; RONALD L. DAVIS; DAVIS BROTHERS REALTY; DAVIS BROTHERS CONSTRUCTION; and STAN J. DAVIS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:11-cv-487-PMW<br><br><br><br><br><br>Magistrate Judge Paul M. Warner |

All parties in this case have consented to United States Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Plaintiffs' motion to reconsider.[2] In that motion, Plaintiffs ask the court to reconsider an order issued on October 25, 2013 ("October 25 Order")[3] and an order issued on February 18, 2014 ("February 18 Order").[4] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United

---

[1] *See* docket no. 12.

[2] *See* docket no. 107.

[3] *See* docket no. 73.

[4] *See* docket no. 106.

States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## RELEVANT BACKGROUND

On June 16, 2013, Plaintiffs filed a motion for a court order for the release of certain medical records ("Medical Records").[5] In the October 25 Order, this court denied that motion.[6] In reaching that ruling, the court reached several conclusions. First, the court concluded that the Medical Records did not have sufficient relevance to Plaintiff's claims to outweigh the privacy interests of the persons that are the subject of the records. The court determined that even if the Medical Records were redacted, as requested by Plaintiffs, the court was not persuaded that the privacy interests of those patients would be adequately protected. The court concluded that Plaintiffs' request for the Medical Records was nothing more than a fishing expedition, which was not permitted, even under the broad rules of discovery. *See, e.g., Richards v. Convergys Corp.*, No. 2:05-cv-00790-DAK & 2:05-cv-00812-DAK, 2007 U.S. Dist. LEXIS 9131, at *10 (D. Utah Feb. 6, 2007) ("Although the scope of discovery under the federal rules is broad, . . . parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses." (quoting *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000))).

Second, the court concluded that Plaintiffs had failed to conclusively establish that the authorities they relied upon allowed release of the Medical Records under the circumstances of

---

[5] *See* docket no. 42.

[6] *See* docket no. 73.

this case. The court went on to conclude that even if the court were to assume that release of the Medical Records was permissible under the authorities Plaintiffs relied upon, which was highly doubtful in the court's view, the court would not order release of the Medical Records in the manner requested by Plaintiffs. The court noted that Plaintiffs requested that the Medical Records be released with all identifying information redacted. The court determined that even if it were permitted to do so, the court would be unwilling to order release of the Medical Records in that fashion. The court noted that if all identifying information was redacted from the Medical Records, Defendants would be unable to identify the persons who made the statements contained within the Medical Records and, consequently, would have no ability to challenge the veracity of those statements.

On September 9, 2013, Defendants filed a motion for partial summary judgment on all claims brought by Ms. Usher's Estate ("Motion").[7] Plaintiffs filed their memorandum in opposition to the Motion on October 10, 2013.[8] In that memorandum, Plaintiffs requested a stay of the Motion, pursuant to rule 56(d), until the court ruled on Plaintiffs' previously filed motion for a court order for the release of the Medical Records. Defendants filed their reply memorandum on the Motion on November 1, 2013.[9]

On November 26, 2013, without leave of court, Plaintiffs filed a supplemental memorandum in opposition to the Motion.[10] In that memorandum, Plaintiffs indicated that they

---

[7] *See* docket no. 62.

[8] *See* docket no. 67.

[9] *See* docket no. 76.

[10] *See* docket no. 85.

had previously requested a stay of the Motion under rule 56(d) because they needed the Medical Records to adequately oppose the Motion. Plaintiffs further indicated that, soon after the court denied their motion for an order to produce the Medical Records, they contacted the facility that possessed the Medical Records and learned for the first time that Plaintiff Glenna Usher's ("Ms. Usher") daughter could sign a consent form for the release of the portion of the Medical Records related to Ms. Usher. Ms. Usher's daughter signed the consent form and obtained the records. Soon after obtaining those records, Plaintiffs forwarded the records to Defendants. Plaintiffs also informed Defendants that they would be supplementing their response to the Motion. All of this presumably occurred during late-October or November 2013, well after the expiration of the August 1, 2013 fact discovery deadline in this case.[11] Along with their supplemental memorandum, Plaintiffs included the portion of the Medical Records obtained by Ms. Usher's daughter ("Usher Records") (collectively, "Memorandum and Usher Records").

On December 18, 2013, Defendants filed a motion to strike the Memorandum and Usher Records.[12] On December 30, 2013, Plaintiffs filed a motion for the court to consider the Memorandum and Usher Records.[13]

In the February 18 Order, court granted Defendants' motion to strike, denied Plaintiffs' motion to consider, and found as moot Plaintiffs' request under rule 56(d).[14] The court set forth several reasons for reaching the conclusion that the Memorandum and Usher Records should be

---

[11] *See* docket no. 38.

[12] *See* docket no. 96.

[13] *See* docket no. 98.

[14] *See* docket no. 106.

stricken. First, the court noted that Plaintiffs had failed to obtain leave of court prior to filing the Memorandum and Usher Records. *See* DUCivR 7-1(b)(2)(A) (providing for the filing of a memorandum in opposition to a motion for summary judgment and a reply memorandum in support of a motion for summary judgment, and also providing that "[n]o additional memoranda will be considered without leave of court"). The court rejected Plaintiffs' argument that they complied with that rule 7-1(b)(2)(A) by filing their motion for the court to consider the Memorandum and Usher Records. The court concluded that rule 7-1(b)(2)(A) contemplates obtaining leave of court prior to filing an additional or supplemental memorandum. *See, e.g.*, *Andersen v. Homecomings Fin., LLC*, No. 2:11-cv-332-TS, 2011 U.S. Dist. LEXIS 65897, at *17-18 (D. Utah June 20, 2011) (striking sur-reply memorandum when party failed to obtain leave of court prior to its filing).

Second, the court concluded that the Memorandum and Usher Records should be stricken because the late production of the Usher Records was neither substantially justified nor harmless. *See* Fed. R. Civ. P. 37(c)(1). The court noted that Plaintiffs had failed to provide any computation of damages in their initial disclosures with respect to Ms. Usher. The court also noted that Defendants had sent discovery requests to Plaintiffs specifically requesting information and supporting documentation about the nature and amount of their damages. The court went on to note that Plaintiffs responded by indicating that their damages were incalculable emotional distress damages and that all of the documents supporting their claims were included in their initial disclosures. The court further noted that when Defendants inquired about whether the discovery responses relating to Ms. Usher's claims were complete, Plaintiffs indicated that they did not have any additional documents or information to provide on behalf of Ms. Usher.

5

Finally, the court noted that Plaintiffs did not produce the Usher Records, which appeared to support Ms. Usher's claims and alleged damages, until after the expiration of the fact discovery deadline.

Based upon those observations, the court concluded, as noted above, that it would not allow the late disclosure of the Usher Records because Plaintiffs' failure to provide them in a timely fashion was neither substantially justified nor harmless. *See id*. With respect to whether Plaintiffs' late disclosure of the Usher Records was substantially justified, the court concluded that it was not. The court noted that Plaintiffs had acknowledged that they had always intended to prove Ms. Usher's allegations and damages by way of the Usher Records. The court also noted, however, that Plaintiffs never indicated those intentions in either their initial disclosures or the responses to Defendants' discovery requests. The court determined that it was incumbent on Plaintiffs to explore all avenues for obtaining the Usher Records prior to the expiration of the discovery deadline. The court recognized that Plaintiffs had moved for a court order for release of the Medical Records, but concluded that Plaintiffs were required to consider the possibility that the court would not issue such an order. The court concluded that, instead of simply waiting for the court to issue that order, Plaintiffs were under a duty to explore an alternative option for obtaining the Medical Records, which was clearly available. The court noted that, had Plaintiffs pursued that option, they could have obtained the Usher Records before the expiration of the discovery deadline and provided the Usher Records to Defendants in a timely fashion.

The court also concluded that Plaintiffs' late disclosure of the Usher Records was not harmless. The court determined that Plaintiffs' untimely disclosure of the Usher Records had prejudiced Defendants. The court noted that because the fact discovery deadline has passed,

Defendants were left without the opportunity to subpoena the Usher Records, depose Ms. Usher's medical providers referenced in the Usher Records, or obtain an expert to review the Usher Records. Consequently, the court concluded that Defendants could not adequately rebut the arguments and information contained in the Memorandum and Usher Records.

As a final matter in the February 18 Order, the addressed Plaintiffs' request under rule 56(d) for a stay of the Motion. In light of the court's denial of Plaintiffs' motion for an order for the release of the Medical Records, as well as the court's decision to strike the Memorandum and Usher Records, the court concluded that Plaintiffs' rule 56(d) request had been rendered moot.

On March 6, 2014, Plaintiffs filed the motion to reconsider currently before the court.[15] As noted above, Plaintiffs ask the court to reconsider both the October 25 Order and the February 18 Order.

## **LEGAL STANDARDS**

"A motion for reconsideration is not specifically provided for in the rules of civil procedure." *Lacefield v. Big Planet*, No. 2:06-cv-844-DB, 2008 U.S. Dist. LEXIS 51523, at *1 (D. Utah July 3, 2008). However, it is within the court's discretion to reconsider a previous order. *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

---

[15] *See* docket no. 107.

The Tenth Circuit has indicated that a motion to reconsider is an

> inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed.

*Id*. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. "A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court." *SCO Group, Inc. v. Novell, Inc.*, No. 2:04-cv-139-DAK, 2007 U.S. Dist. LEXIS 68371, at *5 (D. Utah Sept. 14, 2007); *see also Lacefield*, 2008 U.S. Dist. LEXIS 51523, at *2 ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (quotations and citations omitted)).

## ANALYSIS

### I. October 25 Order

In the first portion of their motion, Plaintiffs ask the court to reconsider the October 25 Order, which denied Plaintiff's motion for a court order for the release of the Medical Records. The court concludes that Plaintiffs have failed to establish any of the grounds warranting reconsideration of the October 25 Order.

Plaintiffs have pointed to no intervening change in the law, nor have they pointed to any new evidence that was not available at the time they filed their motion for a court order for release of the Medical Records. While Plaintiffs claim that their subsequent procurement of the

Usher Records provides new evidence in support of their motion, the court is not persuaded that said evidence was previously unavailable. As explained in the February 18 Order, the court concludes that Plaintiffs were under a duty to explore an alternative option, other than a court order, for obtaining the Usher Records, which was clearly available. As such, the court cannot say that the Usher Records constitute evidence that was previously unavailable.

With respect to the need to correct clear error, Plaintiffs have not demonstrated that this court abused its discretion. *See Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (providing that "[t]he district court has broad discretion over the control of discovery" and that discovery rulings are reviewed for abuse of discretion). Instead, Plaintiffs mainly make conclusory arguments that the court erred and rehash many of the same arguments presented in their motion for a court order for release of the Medical Records, which is an insufficient basis for a motion to reconsider. *See Servants of the Paraclete*, 204 F.3d at 1012; *Lacefield*, 2008 U.S. Dist. LEXIS 51523, at *2; *SCO Group, Inc.*, 2007 U.S. Dist. LEXIS 68371, at *5. Plaintiffs do claim that the court erred by not ordering the release of at least the records related Ms. Usher, which Plaintiffs contend are clearly relevant in this case. However, as noted by Defendants, neither Plaintiffs' motion for a court order for release of the Medical Records nor Plaintiff's reply memorandum on that motion make any mention that Plaintiffs were seeking Ms. Usher's records. Without a specific request, it is unclear to the court how it could have known that Plaintiffs were seeking those records. Accordingly, the court concludes that Plaintiff's argument on this point fails.

Concerning the need to prevent manifest injustice, the court does not believe that such a need exists here. While Plaintiffs may be prejudiced by their inability to use the Usher Records,

that is mainly a consequence of their own litigation strategy; namely, simply assuming that the court would issue an order for release of the Medical Records. Again, the court believes Plaintiffs were required to consider the possibility that the court would not issue such an order. As noted in the February 18 Order, instead of waiting for the court to issue that order, the court believes that Plaintiffs could and should have pursued the alternative option for obtaining the Medical Records before expiration of the fact discovery deadline. Had they done so, they could have provided the Medical Records to Defendants in a timely fashion.

In another argument focused on the need to prevent manifest injustice, Plaintiffs contend that their late production of the Usher Records is harmless to Defendants. The court disagrees. The court reiterates its conclusion from the February 18 Order that Defendants are indeed prejudiced by the late disclosure of the Usher Records. The fact discovery deadline has long since passed and, consequently, Defendants are left without the opportunity to subpoena the Usher Records, depose Ms. Usher's medical providers referenced in the Usher Records, or obtain an expert to review the Usher Records. The court acknowledges that Plaintiffs have offered to reopen fact discovery for those purposes. However, the court is not persuaded that is a reasonable option under the circumstances. While it is true that there is no trial date currently scheduled in this matter, reopening discovery after it has been closed for nearly eight months, and after multiple motions for summary judgment have been briefed and argued would prejudice Defendants. Further, it would result in a waste of time and resources for both Defendants and the court.

For these reasons, the court concludes that Plaintiffs have failed to establish any grounds for reconsideration of the October 25 Order. Accordingly, this portion of Plaintiffs' motion is denied.

## II. February 18 Order

In the second portion of their motion, Plaintiffs ask the court to reconsider the February 18 Order, which struck the Memorandum and Usher Records. For many of the same reasons set forth with respect to the October 25 Order, the court concludes that Plaintiffs have failed to establish any of the grounds warranting reconsideration of the February 18 Order.

For the same reasons set forth above, the court concludes that Plaintiffs have failed to identify either an intervening change in the law or point to any new evidence that was not available at the time of filing of Defendants' motion to strike and Plaintiffs' motion to consider.

As for the need to correct clear error, Plaintiffs have again failed to demonstrate that this court abused its discretion. *See Merrill Scott & Assocs., Ltd.*, 600 F.3d at 1271. As with their arguments concerning the October 25 Order, Plaintiffs mainly make conclusory arguments that the court erred in entering the February 18 Order and rehash many of the same arguments presented in opposing Defendants' motion to strike and supporting their motion to consider. Again, that is an insufficient basis for a motion to reconsider. *See Servants of the Paraclete*, 204 F.3d at 1012; *Lacefield*, 2008 U.S. Dist. LEXIS 51523, at *2; *SCO Group, Inc.*, 2007 U.S. Dist. LEXIS 68371, at *5.

In one new argument, Plaintiffs contend that this court erred by striking the Memorandum and Usher Records because the Usher Records contain more than just medical records. That also is an insufficient basis warranting reconsideration of the February 18 Order

11

because Plaintiffs have had ample opportunity to raise that argument in prior motions, but failed to do so. *See Servants of the Paraclete*, 204 F.3d at 1012 (providing that a motion to reconsider is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed."). Indeed, neither in their opposition to the Motion nor in their motion for the court to consider the Memorandum and Usher Records, do Plaintiffs make any mention of the fact that the Usher Records contain more than just medical records.

Even putting all of the above aside concerning clear error, the court notes that Plaintiffs fail to address or mention one of the independent bases for the court's decision to strike the Memorandum and Usher Records. In the February 18 Order, the court ruled that Plaintiffs were required to obtain leave of court prior to filing the Memorandum and Usher Records. *See* DUCivR 7-1(b)(2)(A); *see also, e.g.*, *Homecomings Fin., LLC*, 2011 U.S. Dist. LEXIS 65897, at *17-18. Plaintiffs did not do so, and they do not provide any argument on this point in their motion to reconsider. As such, they have not demonstrated that basis for striking the Memorandum and Medical records was erroneous.

Finally, the court addresses the need to prevent manifest injustice. For the same reasons set forth with respect to the October 25 Order, the court does not believe that such a need exists here.

For these reasons, the court concludes that Plaintiffs have failed to establish any grounds for reconsideration of the February 18 Order. Accordingly, this portion of Plaintiffs' motion is denied.

## **CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiffs' motion to reconsider[16] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 31st day of March, 2014.

BY THE COURT:

*[signature]*

PAUL M. WARNER
United States Magistrate Judge

---

[16] *See* docket no. 107.